IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA WENFIELD, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-23-1744 |
| | * | |
| WALMART, INC., *et al.,* | * | |
| Defendant. | * | |

\*        \*        \*        \*        \*        \*

**MEMORANDUM AND ORDER**

While shopping in a store, the plaintiff asked an employee to remove a large rolled-up rug from a display case for purchase. Because of the shape and weight of the rug, and because the case was packed full with other rugs, the employee had trouble removing it. Still, the employee did not warn the plaintiff to stand back at a safe distance, nor did she summon help from another employee. Instead, the employee removed the rug with the unsolicited assistance of another customer. When the rug came free from the display case, it fell onto the plaintiff. Because a reasonable jury could find that the employee acted negligently, the defendant's motion for summary judgment will be denied as to the plaintiff's negligence claim and the case will proceed to trial. But the motion will be granted as to the plaintiff's other claims because they are unsupported by evidence.[1]

I.      **Introduction**

Plaintiff Lisa Wenfield sued Defendants Walmart, Inc. and Sam's East, Inc. (collectively "Sam's Club") to recover for injuries she sustained while shopping in a Sam's Club store. ECF

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 14.

No. 2. She filed her lawsuit in the Circuit Court for Charles County, Maryland, and Sam's Club timely removed the case to this Court. ECF No. 1. Ms. Wenfield's Complaint sounds in negligence and does not contain any other claims.[2] The parties have completed discovery and Sam's Club's Motion for Summary Judgment (ECF No. 25) is now ripe for decision. Having considered the parties' submissions (ECF Nos. 25, 26 & 28), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be **GRANTED IN PART** and **DENIED IN PART**.

II.      **Discussion**

A.      **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

---

[2] To the extent that Ms. Wenfield intended to assert other claims, the Complaint is deficient under Rule 8(a) because it does not plausibly allege facts that would entitle her to relief. While the allegations in paragraph nine of the Complaint refer to theories under which Sam's Club could be held liable for its employee's negligence, they are insufficient to state viable claims. And even if the Complaint did properly state claims besides negligence, Ms. Wenfield has offered no evidence to substantiate any of the claims against Sam's Club legal challenges. Accordingly, the Motion will be granted as to all non-negligence claims asserted in the Complaint.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and affirmatively show the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

**B.     Ms. Wenfield's Injury at Sam's Club**

The following facts are construed in the light most favorable to Ms. Wenfield, the non-moving party. *Scott*, 550 U.S. at 378. On May 15, 2020, Ms. Wenfield went shopping at the Sam's Club in Waldorf, Maryland. Inside the store, a display case contained 8'-by-10' sized rugs, rolled up and individually wrapped in plastic. The rugs were displayed vertically, and each rug weighed between 18 and 60 pounds.[3] Ms. Wenfield decided to purchase a rug and asked an employee standing nearby to help her. While Ms. Wenfield stood about five or six feet away from the rug display, she observed the employee having trouble removing the rug from the display case. Ms. Wenfield asked the employee to get a ladder and offered to find an employee from the tire center to help her, but the employee said no. A customer approached the employee to help her with the rug, but he was unable to assist and walked away. Then a second customer offered to help the employee, and for two minutes the two worked together to push the rug upward out of the display

_____

[3] The parties disagree about how much the rug weighed. Ms. Wenfield testified that the rug weighed between 50-60 pounds. ECF No. 25-2 at 5. Sam's Club's corporate designee testified that a similar rug weighed about 18 pounds. ECF No. 25-5 at 3-4.

case, with the customer offering the last successful push. When the rug was at the top of the display case, above everyone's head, it tipped over and fell onto Ms. Wenfield. She instinctively raised her hand to catch the rug, and claims she was injured as a result. At all times, the employee helping Ms. Wenfield complied with Sam's Club's corporate policies for handling merchandise.

### C.     Negligence in Maryland

To prevail on a claim of negligence in Maryland,[4] a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted). As a preliminary matter, "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994).

"An occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by the unreasonable risk that the invitee, by exercising ordinary care for his own safety, will not discover."[5] *Henley v. Prince George's County*, 305 Md. 320, 339 (1986). Stated differently, a landowner possesses a duty to an invitee

---

[4] Because this case is before the Court on the basis of diversity, the Court applies the substantive law and choice of law rules of the state in which it sits. *See State Farm Fire & Cas. Co. v. Huguely*, 432 F. Supp. 3d 587, 591 (D. Md. 2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the incident occurred in Maryland, Maryland law applies.

[5] The standard of care that the owner or occupier of land owes depends on the status of the person who enters the property. *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 464 (1986). "An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521 (1972). The parties do not dispute that Ms. Wenfield was a business invitee of Sam's Club.

"to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). Accordingly, "[t]he duties of a business invitor . . . include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997); *see also Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018) ("The duty owed to an invitee is to use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.") (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).

A landowner is not an insurer of an invitee's safety while on its property. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232 (1965). If a customer is injured in a store, "[t]he burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted). "What will amount to sufficient time . . . involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. at 593 (citing *Deering Woods Condo Ass'n v. Spoon*, 377 Md. 250, 264 (2003)) (internal quotation marks omitted).

**D.     A Reasonable Jury Could Find That Sam's Club Was Negligent**

Construing the facts in the light most favorable to Ms. Wenfield, a reasonable jury could find that Sam's Club was negligent. There is no dispute that the Sam's Club employee who helped Ms. Wenfield with the rug was acting within the scope of her employment. *See* ECF No. 25-1 at 8. And Sam's Club admits that the employee complied with the company's internal policies on handling merchandise. *Id.* at 3. Accordingly, if Sam's Club's employee was negligent, Sam's Club will be liable under the doctrine of *respondeat superior*. *See, e.g.*, *Perry v. Asphalt & Concrete Services, Inc.*, 447 Md. 31 (2016).

A reasonable jury could find that Sam's Club's employee was negligent. The employee struggled to get the rug out of the display case, either because of the size and weight of the rug, or because the display case was so tightly packed. The employee turned down Ms. Wenfield's suggestion that she get a ladder or find another employee to help her, and instead accepted the help of an unidentified customer. A reasonable jury could conclude that when the employee and other customer pushed the rug up and out of top of the display case, it was foreseeable that the rug would fall over onto Ms. Wenfield, who was standing only five or six feet from the display. Because the employee did not warn Ms. Wenfield to stand back from the rug display, a jury could also find that the employee failed to exercise reasonable precautions against the foreseeable danger of the rug falling onto Ms. Wenfield.

Sam's Club attempts to place the blame on the unidentified customer who helped its employee remove the rug from the case, noting that the customer was the last person to touch the rug before it fell onto Ms. Wenfield. But a reasonable jury could find that Sam's Club's employee worked in concert with the customer and was negligent. And even if a jury determined that the falling rug was the customer's fault, it could still find that the employee was negligent in failing

to warn Ms. Wenfield to stand farther back. Sam's Club's employee knew that the rug was heavy and unwieldy. It was reasonably foreseeable that lifting such an object high above the employee's head might result in the rug falling onto Ms. Wenfield if she was not standing sufficiently far away.

The same goes for Sam's Club's arguments that Ms. Wenfield assumed the risk of the rug falling on her and that she was contributorily negligent. The doctrines of assumption of the risk and contributory negligence are normally jury questions. *See Thomas v. Panco Mgmt. of Maryland, LLC*, 423 Md. 387 (2011) ("The question of whether the plaintiff had knowledge and appreciation of the particular risk at issue is ordinarily a question for the jury, unless the undisputed evidence and all permissible inferences therefrom clearly establish that the risk of danger was fully known to and understood by the plaintiff.") (internal quotation marks omitted); *Woolridge v. Abrishami*, 233 Md. App. 278, 302 (2017) ("Ordinarily, the issue of contributory negligence is a question of fact for the jury to resolve."). In this case, a jury could find that Ms. Wenfield did not appreciate the risk of standing so close to the rug display, and therefore did not assume the risk that led to her injuries. And a jury could find that Ms. Wenfield was not contributorily negligent because she took appropriate precautions to protect herself when she asked an employee for assistance and then stood five or six feet back from the rug display.

## III.   Conclusion

For these reasons, the Motion for Summary Judgment (ECF No. 25) filed by Sam's Club is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is entered in favor of Sam's Club on Ms. Wenfield's claims for negligent entrustment; negligent hiring, training and supervision; "principal and agent permissive use"; "owner responsibility for maintenance and upkeep"; and "master-servant doctrine." The Motion for Summary Judgment is denied as to Ms. Wenfield's negligence claim, which will proceed to trial.

Within 14 days of the date of this Memorandum and Order, the parties shall file a joint status report indicating whether they wish to (1) participate in a settlement conference with another magistrate judge or (2) schedule the case for trial.

October 28, 2024                                          /s/
Date                                        Timothy J. Sullivan
                                            Chief United States Magistrate Judge